UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FRANK B. POWELL LUMBER CO., INC., )
                                    )
          Plaintiff,            )
                                    )
    vs.                        )      No. 1:10CV97 HEA
                                    )
NORBERT BECHTEL, et al.,        )
                                    )
          Defendants.         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Partial Summary Judgment, [Doc. No. 21]. Plaintiff opposes the Motion, and has submitted its written opposition thereto. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff brought this action in the Circuit Court for the County of Shannon, Missouri on January 30, 2009. On June 21, 2010, the United States Department of the Interior, National Parks Service, removed the matter pursuant to 28 U.S.C. § 1442.

The Amended Complaint is brought in multiple counts. Count I is for a prescriptive easement, claiming that Plaintiff has a right to traverse over Defendants' real estate (excluding the United States of America) through a created

prescriptive easement.  Count II seeks the creation of a public road by common

law dedication over the Defendants' (excluding the United States of America)

property.  Alternatively, Count III prays that the Court alternatively

establish a private road by necessity.  Count IV is a claim against  Defendants

(excluding the United States of America) for special damages alleging that

because Defendants denied Plaintiff had any right to cross Defendants' real

estate either pursuant to a prescriptive easement or that a public road existed, that

the Plaintiff has been damaged.  Defendants, excluding the United States of

America, have denied the allegations in Counts I - IV as they pertain to the

individual Defendants and have contested the claims that Plaintiff has a

prescriptive easement over any of the grounds of  Defendants; that there is a public

roadway crossing Defendants' property; and further that Plaintiff is entitled

to a private road by way of necessity under § 228.342 RSMo.

Defendants have submitted the following Undisputed and Assumed Facts.

Plaintiff has admitted all facts contained therein.

Plaintiff is a corporation located in Licking, Missouri and owns
certain real estate in Shannon County, Missouri, being all of Section
31, Township 31 North Range 5West (Plaintiff's First Amended
Complaint, Paragraphs 1 & 5).

Defendants Norbert Bechtel, Kathy Becker Bechtel, John
Becker, Linda Becker, and Ida June Click own real estate in Shannon

- 2 -

County, Missouri being the West Half of the Southwest Quarter of Section 30, Township 31 Range 5 West.

Defendant Dennis Newby leases land from the Defendants Norbert Bechtel, Kathy Becker Bechtel, John Becker, Linda Becker, and Ida June Click .

Plaintiff's real estate adjoins the south boundary of the Defendant Becker's real estate in Shannon County, Missouri.

Count I of Plaintiff's Amended Complaint requests that the Court find a prescriptive easement that Plaintiff can utilize over Defendant Becker's real estate

Count II of Plaintiff's First Amended Complaint asks for the Court to declare a public road across Defendant Becker's real estate via common law dedication.

Count III of Plaintiff's First Amended Complaint requests the Court to establish a private road by necessity across Defendant Becker's real estate presumably under § 228.342 RSMo.

Count IV of Plaintiff's First Amended Complaint asks the Court for special damages against the Defendants Norbert Bechtel, Kathy Becker Bechtel, John Becker, Linda Becker, Ida June Click and Dennis Newby for denying the Plaintiff has a prescriptive easement over Defendants' ground or that there is a public road running across Defendants' property to which Plaintiff may have access.

The allegations contained in Plaintiff's First Amended Complaint have been denied by the Defendants Norbert Bechtel, Kathy Becker Bechtel, John Becker, Linda Becker, Ida June Click and Dennis Newby.

**Discussion**

- 3 -

**Summary Judgment Standard**

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Anderson* 477 U.S. at 256;  *Littrell ,* 459 F.3d at 921.  "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'"  *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed. R. Civ. P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotations omitted). *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir. 2005).

Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 444 (8th

Cir. 1998) (citing *Weber v. American Express Co.*, 994 F.2d 513, 515-16)).  "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-27(8th Cir. 2007).  Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Samuels v. Kan. City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006).

Defendants argue that Plaintiff cannot state a claim for tortious interference with a business expectancy.  In response, Plaintiff argues that an easement holder is entitled to damages which are proximately caused by the wrongful interference with the easement.

Interference with or obstruction of an easement is a nuisance. *Autenrieth v. St. Louis & San Francisco Railroad Co.*, 36 Mo.App. 254 (1889); 28 C.J.S. Easements s 96 p. 778.

> It has long been the rule in Missouri that an *owner* of a road easement may recover his damages for wrongful interference or obstruction of his easement. *Bladdick v. Ozark Ore Co., 381 S.W.2d 760 (Mo.1964); M. H. Siegfried Real Estate, Inc. v. Renfrow*, 592 S.W.2d 488 (Mo.App.1979); *Judge v. Durham*, 281 S.W.2d 16 (Mo.App.1955);

*Autenrieth v. St. Louis & San Francisco Railroad Co.*, 36 Mo.App. 254 (1889).

An easement holder is entitled to such damages as are proximately caused by wrongful interference with the easement. *M. H. Siegfried Real Estate Co., Inc. v. Renfrow*, 592 S.W.2d 488, 494 (Mo.App.1979). The measure of damages depends upon whether the obstruction is temporary or permanent.

If it is permanent then the measure of damages is the difference in the fair market value of the property before and after the interference occurred. Autenrieth v. St. Louis & San Francisco Railroad Co., 36 Mo.App. 254, 259 (1889). See, Bower v. Hog Builders, Inc., 461 S.W.2d 784, 798 (Mo.1970). MAI 4.02 is then the appropriate instruction for damages. Bower, supra at 798.

If the obstruction is temporary, the measure of damages is the reduction in rental value of the property during the maintenance of the obstruction, *M. H. Siegfried Real Estate Co. v. Renfrow*, 592 S.W.2d 488, 494 (Mo.App.1979), or any special damages which may be established. *Judge v. Durham*, 281 S.W.2d 16, 21 (Mo.App.1955).

*Mondelli v. Saline Sewer Co*. 628 S.W.2d 697, 699 -700 (Mo.App. E.D. 1982)(footnote omitted)(Emphasis added).

Plaintiff's Amended Complaint, claims that it entered into a legally binding contract to sell the property for $1,300,000.00.  A condition of the sales contract was that Plaintiff provide legal access of ingress and egress to the property and that Defendants Beckers denied Plaintiff access across the Becker property to Plaintiff's property.  Beckers denied that Plaintiff had a prescriptive easement across the Becker property to Plaintiff's property.  Beckers also denied that any public road

- 7 -

crossed their property.  The sales contract expired and the prospective buyer purchased other property.

Plaintiff's Amended Complaint essentially states that Defendants interfered with its business expectancy.  Under a theory of tortious interference of a business expectancy, Plaintiff must prove, "(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo.1996) (en banc). To satisfy the justification element of an interference claim, Plaintiff must demonstrate that Defendants "lacked a legal right to justify their actions."  *Horizon Mem'l Grp., L.L.C. v. Bailey*, 280 S.W.3d 657, 662 (Mo.Ct.App.2009). However, not only does ownership of a valid right justify Defendants' actions, good faith efforts to enforce legal rights are even justified when a court later decides the claimed rights don't actually exist. See, e.g., *Healthcare Servs. of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 614 (Mo.2006) (en banc).  Plaintiff admits that Defendants owned the property in question, thus, they did not lack justification for failing to grant an easement until such time as the Court determines whether an easement is mandated. *AvidAir Helicopter Supply, Inc. v. Rolls-Royce Corp.,* 2011 WL 6155037, 8 (8th Cir. 2011).  No liability for procuring a breach of contract exists if the breach

- 8 -

results from an act one has a definite legal right to perform without any

qualification.  *Adams v. USAA Cas. Ins. Co.,* 317 S.W.3d 66, 75 -76 (Mo.App. E.D.,2010)

Plaintiff's reliance on *Mondelli* is patently misplaced under the facts

presented to this Court.  While it is true that an easement holder is entitled to

damages proximately caused by wrongful interference with the easement, the facts

of this matter fail to establish that Plaintiff, at this stage of the proceedings is

indeed the owner of the easement.  This issue appears to be at the very heart of the

litigation.  Accordingly, Plaintiff cannot state a claim for tortious interference of

the sales contract since it cannot establish that it is the owner of the easement nor

that Defendants did not have a legal right to contest the easement as the property

owners.

## Conclusion

Based upon the foregoing analysis, Plaintiff is not entitled to damages for the

alleged interference of the sales contract by Defendants.  Defendants are therefore

entitled to judgment as a matter of law as to Count IV.  A separate judgment in

accordance with this Opinion Memorandum and Order will be entered upon

resolution of the remaining claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary

Judgment, [Doc. No. 21], on Count IV is granted.

Dated this 23rd day of December, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE